UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ADONIS HENRY,

     Plaintiff,       **MEMORANDUM AND ORDER**
               24-CV-4288 (LDH)

     -v-

RYAN J. OLSEN; 75th PRECINCT;
ALL JOHN DOE OFFICERS,

     Defendants.
------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge.

  Plaintiff Adonis Henry, proceeding *pro se*, bring this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1). Plaintiff's request to proceed *in forma pauperis* is granted. (ECF No. 2.) For the reasons discussed below, the Complaint is dismissed, and Plaintiff is granted until April 29, 2026, to file an amended complaint.

**STANDARD OF REVIEW**

  A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as

1

true." *Id.* (citations omitted). Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam)).

## BACKGROUND

Plaintiff brings this action alleging that excessive force was used against him, and he was falsely arrested on April 19, 2018, in East New York, Brooklyn. (Compl. at 5.) Plaintiff states, "kidnapping, robbery – and held hostage under false arrest. No reason to ask me or force me to give ID for a fine or parking ticket . . . ." *Id.* Plaintiff further alleges that he was "slammed into the car arm twisted back handcuffed hurting me." *Id.* at 4. Plaintiff seeks money damages. (Compl. at 6.)

## DISCUSSION

### I.    Section 1983 Claims

Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331, and the Court liberally construes his claims as being brought pursuant to 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. However, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal

2

rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); accord *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."). To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

### a. False Arrest Claims

To the extent that Plaintiff seeks to bring a Section 1983 false arrest claim, the claim is insufficiently pleaded. To establish a false arrest claim, a plaintiff must show that "(1) the defendant intended to confine [him], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996); *Rizk v. City of New York*, 462 F. Supp. 3d 203, 220 (E.D.N.Y. 2020). Probable cause is a complete defense to an action for false arrest brought under New York law and "exists when the officers have . . . reasonably trustworthy information as to facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (internal quotation

3

marks omitted) (alterations in original); *Smith v. Rossini*, No. 19-CV-323, 2020 WL 9816016, at *4 (E.D.N.Y. Nov. 30, 2020).[1]

In this case, Plaintiff's complaint consists solely of conclusory allegations and fails to adequately plead the elements required to state a claim for false arrest under 42 U.S.C. § 1983. Although Plaintiff alleges that he was "held hostage" and "kidnapped," such vague and unsupported assertions do not plausibly establish the absence of probable cause or any other element necessary to sustain a false arrest claim under § 1983.

*First*, Plaintiff's claims for excessive force and false arrest are generally time-barred. Section 1983 actions filed in New York are subject to a three-year statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Steinbergin v. City of New York*, No. 21-CV-536, 2022 WL 1231709, at *2 (2d Cir. Apr. 27, 2022); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Grant v. ASPCA*, No. 22-CV-775, 2022 WL 2669926, at *2 (E.D.N.Y. July 11, 2022). A false arrest claim in violation of the Fourth Amendment, where criminal proceedings follow the arrest, begins to run at the time the claimant becomes detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Jones v. City of New York*, 846 Fed. Appx. 22, 23 (2d Cir. 2021) (unpublished); *Livingston v. Mejia*, No. 20-CIV.-2009, 2022 WL 976808, at *4 (S.D.N.Y. Mar. 31, 2022) (noting that Plaintiff's false arrest and false imprisonment claims under Section 1983 are time-barred because he initiated this action over three years after his arraignment). An excessive force claim "accrues when the use of force occurred." *Wharton v. Cty. of Nassau*, No. 07-CV-2137, 2010 WL 3749077, at *9 (E.D.N.Y. Sept. 20, 2010) (quoting *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir. 1980)).

---

[1] "To state a Fourth Amendment excessive force claim, a plaintiff must plausibly allege the force used by the defendant was objectively unreasonable." *Lewis v. Westchester Cty.*, No. 20 Civ. 9017, 2021 WL 3932626, at *4 (S.D.N.Y. Sept. 2, 2021) (citing *Cox v. City of New Rochelle*, 2019 WL 3778735, at *7 (S.D.N.Y. Aug. 12, 2019)).

Plaintiff filed the instant action on June 17, 2024, more than six years after the alleged incidents, and his claims must therefore be dismissed unless Plaintiff can show that equitable tolling applies.  New York allows for equitable tolling, but it is "applied only in 'rare and exceptional circumstances,' where a party was prevented from timely performing a required act and where that party 'acted with reasonable diligence throughout the period he sought to toll.'" *Jones*, 846 Fed. Appx. at 24 (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)); *Philips v. Smith*, No. 19-CV-2019, 2021 WL 4224957, at *4 (S.D.N.Y. Sept. 15, 2021).  Plaintiff has not alleged a basis for equitable tolling; thus, his excessive force and false arrest claims are otherwise time-barred.

*Second*, Plaintiff's Section 1983 claim against the 75th Police Precinct must also be dismissed.  Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."  N.Y. City Charter § 396.  This provision has been construed to mean that New York City departments and agencies, such as the Police Department are not suable entities.  *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Hussey v. New York Police Departments & Precincts in Brooklyn, NY*, No. 23-CV-532, 2023 WL 2499215, at *2 (E.D.N.Y. Mar. 13, 2023) (police precinct is not a suable entity).

To the extent Plaintiff seeks to bring a claim against the 75th Police Precinct, the claim fails because city agencies are not generally suable entities.  Accordingly, the proper defendant for such claim is the City of New York, not the 75th Police Precinct.

**LEAVE TO AMEND**

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). In light of this Court's duty to liberally construe *pro se* complaints, the Court will allow Plaintiff until April 29, 2026, to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Pursuant to Rule 8, Plaintiff must set forth a short, plain statement of the relevant facts to support a claim. *Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted).

Should Plaintiff elect to file an amended complaint, Plaintiff should describe what each named defendant or defendants did or did not do, and how each defendant caused Plaintiff's injury, and only name defendants that were personally involved. Plaintiff must identify the defendants in both the caption and the body of the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. The amended complaint must also (1) state whether he was convicted of the crimes for which he was arrested and (2) state whether he has a basis for equitable tolling of the limitations period, and, if so, what that basis is.

**CONCLUSION**

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted until April 29, 2026, to file an amended complaint.

6

Any amended complaint will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order: 24-CV-4288 (LDH) (LB).

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time, and all further proceedings shall be stayed. If Plaintiff fails to amend the complaint, or cure the deficiencies discussed herein, judgment shall be entered.

For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a civil rights complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/ LDH_____
LaShann DeArcy Hall
United States District Judge

Dated: Brooklyn, New York
     April 14, 2026